The chief justice delivered'tbe unanimous opinion of the court.
 

 Booth,
 
 Chief Justice.
 

 The question in this case depends on the >ctrine of election, the principles of which are well established, he only difficulty is in applying them to the facts of each particu
 
 *464
 
 lar case. No person is allowed to claim under a deed or will, without giving' full effect to every thing contained in it, so far as such person is concerned. He cannot take under, and at the same time, in opposition to it. He cannot accept and reject the same instrument; because it is against equity and good conscience, that a person should hold and enjoy a gift or devise by virtue of a will, which he could not do without it; and at the same time defeat its provisions by asserting a paramount claim to that which, by the will, was intended for the benefit of others. He must, therefore, either wholly comply with the will, or wholly repudiate it and adhere to his paramount claim.
 

 In regard to dower, it seems from all the cases to be an established rule, that a court of equity will not compel the widow to make her election, unless it be shown by the express words of the testator, that the devise or bequest was given in lieu or satisfaction of dower; or unless it appears, that such was the testator’s intention, by clear and manifest implication arising from the fact that the claim oi dower is plainly inconsistent with the devise or bequest, and so re. pugnant to the will as to defeat its provisions. If both claims cat stand consistently together, the widow is entitled to both, although the claim under the will may be much greater in value than hei dower.
 

 In the present case, there is no express declaration in the will, excluding the defendant’s right of dower, or indicating that the beques' and annuity were intended to be in lieu or satisfaction of it. No could the slightest implication of an intention to that effect exist, hai the testator omitted that clause in the will, which authorizes the exj ecutors to convey to the purchaser of his real estate, a good an sufficient fee simple title. If we view the case without that clause there is a total absence of every thing like an intention to bar th right of dower. It appears by the case stated, that in addition t his real estate, the testator’s personal property at the time of hi| death, was more than sufficient, after the payment of debts and leg; cies, to set apart the sum of three thousand dollars for the purpos of raising the annuity to his wife during her widowhood. This prol vision then for her benefit, is wholly out of his personal estate; i| not charged upon, and has no reference to his real estate. The a nuity and bequest of household furniture, viewed by themselve; would be considered simply as the bounty or benevolence of the te, tator to his wife. There would be no inconsistency between the ij
 
 *465
 
 and her claim of dower; and no repugnance in that claim, to the mere sale itself, of the testator’s real estate. The assertion of the right of dower could not impair or defeat the testator’s direction to his executors, simply to make such sale; and the fact, that the annuity, because given only during widowhood, is less beneficial than dower, would of itself, be a strong reason against the interference of a court of equity. So far then, the bequest, annuity, claim of dower, and sale of the real estate, would all consistently stand together.
 

 But it is contended for the complainants, that the clause in the will authorizing the executors to convey to the purchaser or purchasers of the testator’s real estate,
 
 a good and sufficient fee simple title, being M equal tenor with that by which, he held the same,
 
 is defeated by the ¡claim of dower, and therefore presents a case of election: that the ords “good and sufficient fee simple title” mean the legal estate in ee simple, clear of all liens and incumbrances; and that such a title annot be conveyed, if the land is to be subject to the incumbrance if dower: that by the clause referred to, the testator must have in-ended the purchaser of his real estate should hold it discharged from he dower; otherwise, the words contained in the clause must be re-ected as useless; whereas, effect must be given if possible, to all the vords of a will, and none are to be rejected, unless the intention of he testator, apparent from other parts of the will, requires it; that iy the expression
 
 being of equal tenor,
 
 &c., the testator must be un-lerstood as meaning the same title by which the lands came to, or vere received by him; and, therefore, if conveyed by his executors ubject to dower — as dower is no part of the title, and can only arise fter bis death — the title of the purchaser -would not be of equal tenor ith that by which the testator held his real estate.
 

 After a careful examination of this will, we cannot give to the ords on which so much stress is laid, and on which the whole ar-ument for the complainants is founded, the force and meaning con-nded for. We admit, that upon a contract for the sale of lands, here the vendor agrees with the purchaser,
 
 to make a good and suf-\cient deed in law to vest him with the title,
 
 as was the case in
 
 Jones
 
 vs. Gardner, (10
 
 Johns. Rep.
 
 206,) relied on by the complainants’ jounsel, or
 
 to convey a good and sufficient tillp in fee simple;
 
 such greement may very properly, according to the evident intention of e parties, be construed as a covenant to convey the legal estate in e, free and clear of all valid liens and incumbrances. In
 
 Jones
 
 vs.
 
 ardner,
 
 the court considered that the deed of the plaintiff and wife
 
 *466
 
 tendered by him to the defendant, was not a compliance on the part of the plaintiff with his covenant; because the deed did not embrace the whole of the land agreed to be conveyed; and because the wife of the plaintiff had not executed it with the solemnities required by law: that in this respect, the deed was imperfect, and did not fulfil the contract, inasmuch as the title to be vested in the defendant, meant the legal estate in fee, free and clear of all valid claims, liens and incumbrances; and, therefore, that the claim of dower being an incumbrance on the land and not barred by the deed, was inconsistent with the title agreed to be conveyed.
 

 With all respect for this authority, and however conclusive we might deem it, if the present case depended on the construction of a covenant to convey lands for a full and adequate consideration, we cannot attribute the same import and signification to the words used in this will, as was given to them in the case referred to, unless it appeal's to have been the intention of the testator to use them in the same sense, and attach to them the same meaning. The counsel for the complainants admit, that if the testator had omitted the clause respecting the conveyance, and simply directed his real estate to be sold, the sale would be subject to the claim of dower, and no incon sistency could arise between them. This is apparent. But whethe: the clause in question were omitted or not, the effect, in our opinion is the same. If the mere direction to sell, does not put the defend ant to her election, it is not perceived how the authority to conve\ the title is to do so. In either case, no other or greater estate 01 title can be conveyed, than that which the testator held when he made his will. Suppose then, the clause to be omitted. The ex press power to sell impliedly confers all incidental powers prope and necessary to carry into effect the power expressly given. Among the implied powers, is the authority to execute a good and sufficien deed to convey what is sold; for without such deed conveying th testator’s title, the sale is incomplete. Under the implied authoritj to make a deed, what title would the executors convey? Precise! the same which the testator held in the property he had a right t| sell; but not a title which was not his, but paramount to any th could be claimed under his will. The deed then, to be executed b; the executors to the purchaser, would purport to convey a good anj sufficient title in fee simple in the testator’s real estate, such as h had and held at the time of making his will; that is, subject to hi] wife’s right of dower.
 

 
 *467
 
 But viewing the case with the clause as it stands in the will, expressly giving the executors the authority to convey, can any .other or greater title be conveyed than without the clause1? The language of the testator is this:
 
 “And 1 do authorize and empoiver them”
 
 (his executors,)
 
 “to convey to the purchaser or purchasers of said real estate, a good and sufficient fee simple tille or titles, being of equal tenor with those by which I now hold the same.’’
 
 Does the testator by these words show a plain, manifest intention that the good and sufficient fee simple title to be conveyed, shall be free and clear from his wife’s claim of dower? Or does he not rather express directly the'reverse? By a fee simple title
 
 being of equal tenor,
 
 &c., is to be understood a title of the same purport, or the same in substance, or the same in effect, with that by which the testator held his real estate at the time he made his will. What was his title at that time? No other than a title in fee simple subject to his wife’s inchoate right of dower; and ¡consequently it was only sueh title his executors were authorized to convey. It seems to us, that no other meaning can be attached to the testator’s words; and therefore that with or without the clause Sn question, the real - estate, upon a sale by the executors, must be ponveyed subject to the defendant’s right of dower.
 

 I But admitting, according to the construction of the complainants’ [counsel, that the words
 
 “a good and sufficient fee simple title,”
 
 when [used either in a deed or will, import a title free and clear of all liens fend incumbrances; the result is not varied; because, those words fere qualified and restricted by the words immediately following, to [wit:
 
 “being of equal tenor,
 
 &c.;” plainly showing that the testator intended such title as he held at the time of making the will. What fclse could have been his intention? If he meant that his real estate |hould be conveyed free and clear of dower, he would have used ■inly the former words and omitted the latter. But it is more probable, if the design to bar his wife’s dower, was the leading or prevailing idea influencing his mind in the disposition of his real estate, that luch design would have been shown by an express declaration, that Ids real .estate should be sold free of dower, or that he intended the Innuif.y to be in lieu or satisfaction of it. The complainants’ case [hen cannot be sustained, unless the words
 
 “being of equal tenor,
 
 &c.” le rejected as useless or superfluous: which is forbidden by that car-linal rule of construction, that effect must be given, if possible, to
 
 all
 
 lie words of a will. But further. Supposing the construction of the ■lause in the will, on which the whole of the complainants’ ca’se is
 
 *468
 
 founded, is doubtful and uncertain; then it follows, that a sufficiently clear case is not presented for the interposition of a court of equity to compel the defendant to make her election: that this is not a case where the intention of the the testator, as manifested by the will, is
 
 clear and decisive;
 
 or where — to use the language of lord .Alvanly in
 
 French
 
 vs.
 
 Davies
 
 (2
 
 Ves.jr. 572,)
 
 — “it is clear, plain and incontrovertible, that the testator could not possibly give what he has given, consistently with the defendants’ claim of dower.”
 

 Chandler,
 
 and
 
 J A. Bayard,
 
 for appellants.
 

 Wales,
 
 for the respondent.
 

 The opinion of this court is, that the present is not a case of election; and, therefore, that the decree of the chancellor be affirmed, and the complainants pay the costs.